Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Kerry B. Brownlee (KB 0823)
kbrownlee@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 1250
New York, NY 10165
Telephone: (212) 292-5390
Facsimile: (212) 292-5391
*Attorneys for Plaintiff*
*Kelly Toys Holdings, LLC*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KELLY TOYS HOLDINGS, LLC, <br><br> *Plaintiff* <br><br> v. <br><br> CAO HUA; CHONGQING DIBUHAI HOTEL MANAGEMENT CO., LTD.; CHONGQING QINGXINGLAN HOTEL MANAGEMENT CO., LTD.; FANTA SAVADOGO; FUZHOU GUANXIN TRADING CO., LTD.; GUANGZHOUYUYUMAOYIDIAN; JINJIANGSHICANGQIONGSHANGMAOYOUXIANG ONGSI; LI MEI; QUANZHOU YOUYUE ELECTRONIC COMMERCE CO., LTD.; QUANZHOUHUANSHANMAOYIYOUXIANGONGSI; QUANZHOUSHIYUANCHENGGONGYINGLIANGU ANLIYOUXIANGONGSI; YANGXIAOMAN; YONGCHUNCHIYUMAOYIYOUXIANGONGSI; YONGCUNLIYUEMAOYIYOUXIANGONGSI; YOUXIXIANSHENXINDIANNAOSHANGHANG; YU JIN PING; ZHIZHAO ZHANG; ZHONGSHAN ZHANG; 齐桂云 A/K/A QI GUIYUN; and DOES 1 through 50, <br><br> *Defendants* | CIVIL ACTION NO. 22-cv-8168 <br><br><br> **COMPLAINT** <br><br><br> **Jury Trial Requested** |

Plaintiff Kelly Toys Holdings, LLC ("Plaintiff" or "Kelly Toys") by and through its undersigned

counsel, alleges as follows:

## NATURE OF THE ACTION

1.      This action involves claims for copyright infringement of Plaintiff's federally registered copyrights in violation of the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.* arising from Defendant Cao Hua, Defendant Chongqing Dibuhai Hotel Management Co., Ltd., Defendant Chongqing Qingxinglan Hotel Management Co., Ltd., Defendant Fanta Savadogo, Defendant Fuzhou Guanxin Trading Co., Ltd., Defendant Guangzhouyuyumaoyidian, Defendant Jinjiangshicangqiongshangmaoyouxiangongsi, Defendant Li Mei, Defendant Quanzhou Youyue Electronic Commerce Co., Ltd., Defendant Quanzhouhuanshanmaoyiyouxiangongsi, Defendant Quanzhoushiyuanchenggongyinglianguanliyouxiangongsi, Defendant Yangxiaoman, Defendant Yongchunchiyumaoyiyouxiangongsi, Defendant Yongcunliyuemaoyiyouxiangongsi, Defendant Youxixianshenxindiannaoshanghang, Defendant Yu Jin Ping, Defendant Zhizhao Zhang, Defendant Zhongshan Zhang, Defendant 齐桂云 a/k/a Qi Guiyun (collectively, "Defendants"), and Does 1 through 50's infringement of the Squishmallows Works (as defined *infra*), including, without limitation, by manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling unlicensed and infringing versions of Plaintiff's Squishmallows Products (as defined *infra*). This action also involves a claim of material misrepresentations of copyright claims under the Digital Millennium Copyright Act, 17 U.S.C. § 512 (the "DMCA").

## JURISDICTION AND VENUE

2.      This Court has federal subject matter jurisdiction over the claims asserted in this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), as well as pursuant to 15 U.S.C. § 1121 as an action arising out of violations of the Copyright Act, 17 U.S.C. §§ 101 *et seq.* and pursuant to 28 U.S.C. § 1332, as there is diversity between the parties and the matter in controversy exceeds, exclusive of interests and costs, the sum of seventy-five thousand dollars.

3.      Personal jurisdiction exists over Defendants because Defendants have expressly consented to jurisdiction here by their submission of counter notices pursuant to 17 U.S.C. §512(g)(3)(D) wherein each of the Defendants, which are located outside of the United States, has indicated that "I consent to the jurisdiction of any judicial district in which Amazon may be found."[1]

4.      Upon information and belief, Amazon may be found in this judicial district, given, among other things, that it maintains offices and/or employees within this judicial district, one or more affiliated entities are registered to do business in the State of New York, it regularly conducts, transacts and/or solicits business, and/or derives substantial revenue from its business transactions in New York and in this judicial district.

5.      Venue is proper, *inter alia*, pursuant to 28 U.S.C. § 1391 by virtue of Defendants' consent, as discussed *supra*, and because, upon information and belief, Defendants conduct, transact and/or solicit business in this judicial district, a substantial part of the events or omissions giving rise to the asserted counts occurred in this judicial district, and/or Defendants are subject to personal jurisdiction in this judicial district.

## THE PARTIES

6.      Plaintiff is a limited liability company with a principal place of business at 4811 South Alameda Street, Los Angeles, CA 90058.

7.      Upon information and belief, Defendants are all merchants on the Amazon.com online marketplace platform, which, upon information and belief, is owned by Amazon.com, Inc., a Delaware corporation with a principal place of business at 410 Terry Avenue North, Seattle, WA 98109, through

---

[1] Alternatively, personal jurisdiction also exists over Defendants under N.Y.C.P.L.R. § 302(a)(1) and/or N.Y.C.P.L.R. § 302(a)(3) because, upon information and belief, Defendants regularly conduct, transact and/or solicit business in New York, and/or derive substantial revenue from their business transactions in New York and/or otherwise avail themselves of the privileges and protections of the laws of the State of New York such that this Court's assertion of jurisdiction over Defendants does not offend traditional notions of fair play and due process, and/or Defendants' infringing actions caused injury to Plaintiff in New York such that Defendants should reasonably expect such actions to have consequences in New York.

which Defendants offer for sale and/or sell Infringing Products (as defined *infra*), and target and ship such Infringing Products to customers located in the U.S., including New York, and throughout the world.

8.      Upon information and belief, Defendant Cao Hua is a Chinese individual or entity, which has indicated on its Counter Notifications that it has an address of anhuishengwuhushijiujiangquwanchunhuayuan46dong1danyuan601shi.[2]

9.      Upon information and belief, Defendant Chongqing Dibuhai Hotel Management Co., Ltd. is a Chinese company, which has indicated on its Counter Notifications that is has an address of No. 80-10, Baxian Avenue, Banan District, Chongqing.

10.      Upon information and belief, Defendant Chongqing Qingxinglan Hotel Management Co., Ltd. is a Chinese company, which has indicated on its Counter Notification that it has an address of No. 115-10, Hekang Road, Xiantao street, Yubei District, Chongqing.

11.      Upon information and belief, Defendant Fanta Savadogo is a Canadian individual or entity, which has indicated on its Counter Notifications that it has an address of 311-450 McLaughlin Drive, E1A9V3, Moncton, NB, Canada.

12.      Upon information and belief, Defendant Fuzhou Guanxin Trading Co., Ltd. is a Chinese company, which has indicated on its Counter Notifications that it has an address of No. 23-3, Lianpan village, Gushan Town, Jin'an District, Fuzhou City, Fujian Province.

13.      Upon information and belief, Defendant Guangzhouyuyumaoyidian is a Chinese individual or entity, which has indicated on its Counter Notification that it has an address of huangpuqudongyuanshequdongyuandongjie16hao1006fang Guangzhoushi guangdongsheng510700.

---

[2] A number of the addresses, names, and/other information set forth in the Counter Notifications appears to be incomplete and/or false, despite Defendants' declarations, under penalty of perjury, that the Counter Notifications, and all statements set forth therein are true and correct. *See* **Exhibit E**.

14.     Upon            information         and         belief,          Defendant Jinjiangshicangqiongshangmaoyouxiangongsi is a Chinese individual or entity, which has indicated on its   Counter    Notification    that    it    has    an    address    of    Fujiansheng,    Quanzhoushi, Chidianzhenchifenglu216hao, Baijiezhongyangxuefu3zhuang2ti2908shi.

15.     Upon information and belief, Defendant Li Mei is a Chinese individual or entity, which   has   indicated   on   its   Counter   Notification   that   it   has   an   address   of anhuishengwuhushiyijiangqulugangxinzhenxiqu5haolou.

16.     Upon information and belief, Defendant Quanzhou Youyue Electronic Commerce Co., Ltd. is a Chinese company, which has indicated on its Counter Notifications that it has an address of Fujian Quanzhou Tingdian Community, Jiangnan Street, Licheng District Room 813, Building 5, No. 937, Chifeng Road.

17.     Upon information and belief, Defendant Quanzhouhuanshanmaoyiyouxiangongsi is a Chinese individual or entity, which has indicated on its Counter Notification that it has an address of Kaiyuanshangsha1haolou601jinjiangshichidianzhentangcuocundadao9hao, Quanzhou, Fujian 362212.

18.     Upon            information         and         belief,          Defendant Quanzhoushiyuanchenggongyinglianguanliyouxiangongsi is a Chinese individual or entity, which has indicated   on   its   Counter   Notifications   that   it   has   an   address   of   Fujiansheng Quanzhoujingjijishukaifaqudetailu1haonuolinshangcheng3zuo108haodian.

19.     Upon information and belief, Defendant Yangxiaoman is a Chinese individual or entity, which has indicated on its Counter Notification that it has an address of H5District, Changfeng City, Changfeng Avenue, Qiaokou District, Wuhan City, Hubei Province.

20.     Upon information and belief, Defendant Yongchunchiyumaoyiyouxiangongsi is a Chinese individual or entity, which has indicated on its Counter Notification that it has an address of

Fujiansheng, Quanzhoushi, Yongchunxianyudouzhenyumeicunxinjie108hao.

21.     Upon information and belief, Defendant Yongcunliyuemaoyiyouxiangongsi is a Chinese individual or entity, which has indicated on its Counter Notifications that it has an address of Yudouzhen Baihangcun9-2hao Quanzhoushi Fujiansheng 362616.

22.     Upon information and belief, Defendant Youxixianshenxindiannaoshanghang is a Chinese individual or entity, which has indicated on its Counter Notification that it has an address of fujianshengsanmingshiyouxixianchengguanzhenziyangdadao198hao.

23.     Upon information and belief, Defendant Yu Jin Ping is a Chinese individual or entity, which has indicated on its Counter Notification that it has an address of Anhuisheng, Wuhushi, Yijiangqu, Zhongnanjiedaojinyuhuafu12dong1danyuan902.

24.     Upon information and belief, Defendant Zhizhao Zhang is a Chinese individual or entity, which has indicated on its Counter Notifications that it has an address of No.172 Linhou Community Huli District XiamenCtity Fujian Province 361006.

25.     Upon information and belief, Defendant Zhongshan Zhang is a Chinese individual or entity, which has indicated on its Counter Notification that it has an address of Room A101, Room E, 31st Floor, World Trade Center No. 1 Xin'an Road, Huicheng DistrictHuizhou Guangdong 516000.

26.     Upon information and belief, Defendant 齐桂云 a/k/a Qi Guiyun is a Chinese individual or entity, which has indicated on its Counter Notification that it has an address of 襄州区伙牌镇东莞工业城二期26栋2-402.

27.     Upon information and belief, Does 1 through 50 are either corporations, limited liability companies, individuals or other entities, who are subject to the jurisdiction of this Court. Upon information and belief, Does 1 through 50 are officers, directors, principals, shareholders and/or owners of Defendants, suppliers of Defendants, or other entities or individuals copying, manufacturing,

importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, and/or selling infringing Squishmallows Products, infringing the Squishmallows Works, or otherwise violating Plaintiff's intellectual property rights in this judicial district. The identities of the Does 1 through 50 are unknown to Plaintiff at this time; however, the Complaint will be amended to include the names of such individuals when identified.

## GENERAL ALLEGATIONS

### Plaintiff and Its Well-Known Squishmallows Products

28.     Plaintiff is one of the world's most influential, leading manufacturers and distributors of high-quality plush toys and gifts, and is known for its best-selling brands, including Pillow Chums, Kellybaby and Kellypet.

29.     Plaintiff sells its products in major retailers, department stores and online marketplaces, including, but not limited to: Walmart, Justice, Target and Amazon.

30.     One of Plaintiff's most popular brands is Squishmallows, a line of loveable buddies made with a super soft, marshmallow-like texture that come in a variety of sizes from 3.5-inch clip-ons to extra-large 24 inch plush toys (collectively, the "Squishmallows Products").

31.     The Squishmallows Products have expanded to other styles including Hug Mees, Stackables, Mystery Squad and Flip-A-Mallows. Images of examples of the Squishmallows Products are attached hereto as **Exhibit A** and incorporated herein by reference.

32.     Since their debut in 2017, well over 73 million Squishmallows Products have been sold worldwide.

33.     In 2020, the Squishmallows Products were awarded "Best Toy of the Year" by Learning Express.[3]

---

[3] aNb Media, *Squishmallows Named 2020 Best Toy of the Year by Learning Express*, ANB MEDIA, INC. (Oct. 2020), https://www.anbmedia.com/news/2020/10/squishmallows-named-2020-best-toy-of-the-year-by-learning-express/.

34.     Recently, Squishmallows won the 2022 "Toy of the Year" award as well as the "People's Choice" award and "Plush Toy of the Year" at the Toy of the Year awards ceremony.[4]

35.     The Squishmallows Products are sold by major U.S. retailers and e-commerce sites, such as Amazon, Target and Walmart.

36.     The Squishmallows Products typically retail for between $7.99-$44.99.

37.     Plaintiff is the exclusive owner of all intellectual property rights in the Squishmallows Products, including both registered and unregistered copyrights.

38.     Plaintiff has protected its valuable rights by filing for and obtaining U.S. copyright registrations in and relating to the Squishmallows Products. For example, Plaintiff is the owner of the following relevant U.S. Copyright Registration Numbers: VA 2-143-762, covering "Green Dino, Danny", VA 2-093-073, covering "SQUISHMALLOW COW", VA 2-096-026, covering "SQUISHMALLOW FROG", and VA 2-173-092, covering "EMILY BLACK BAT (HALLOWEEN COLLECTION)" (collectively, the "Squishmallows Works"). The U.S. copyright registrations covering the Squishmallows Works, and their corresponding deposit materials, are attached as **Exhibit B** and incorporated herein by reference.[5]

39.     The success of the Squishmallows Products is due in part to Plaintiff and its predecessor's marketing and promotional efforts. These efforts currently include advertising and promotion through social media, Plaintiff's website (*available at* https://squishmallows.com/) and other advertising, among other efforts domestically and abroad, including in New York.

40.     Plaintiff's success is also due to its use of the highest quality materials and processes

---

[4] Tessa Clayton, *The Toy Foundation announces 2022 Toy of the Year Award winners*, TOYNEWS (Feb. 21, 2022), https://www.toynews-online.biz/2022/02/21/the-toy-foundation-announces-2022-toy-of-the-year-award-winners/.
[5] Although the registrations for the Squishmallows Works list Plaintiff's predecessor Kellytoy Worldwide, Inc. as the copyright claimant, Kellytoy Worldwide, Inc. assigned all rights in and to the Squishmallows Works to Kelly Toys, and Plaintiff is in fact the true and correct owner thereof.

in making the Squishmallows Products, which meet or exceed U.S. standards.

41.    Additionally, Plaintiff owes a substantial amount of the success of the Squishmallows Products to its consumers and word-of-mouth buzz that its consumers have generated.

42.    Plaintiff has gone through great lengths to protect its interests in the Squishmallows Works and Squishmallows Products. No one other than Plaintiff is authorized to manufacture, reproduce, copy, display, prepare derivative works of, distribute, sell, transfer, rent, perform and/or market Plaintiff's Squishmallows Products and/or Squishmallows Works without the express written permission of Plaintiff.

## Amazon and Defendants' User Accounts

43.    Amazon.com is an online marketplace and e-commerce platform that allows manufacturers and other third-party merchants, like Defendants, to advertise, distribute, offer for sale, sell and ship their retail products originating primarily from China,[6] among other locations, directly to consumers worldwide and specifically to consumers residing in the U.S., including New York.

44.    Amazon.com is recognized as one of the leaders of the worldwide e-commerce and digital retail market and was projected to generate approximately $367.19 billion in U.S. retail e-commerce sales in 2021, over 40% of the U.S. e-commerce market.[7] As of last year, Amazon.com had a market capital of $1.729 trillion, making it the third largest public company in the U.S.[8]

45.    Many of the third-party merchants that have user accounts with and operate merchant storefronts on Amazon.com are located in China, like all but one of Defendants, with approximately

---

[6] *See* Juozas Kaziukenas, *Chinese Sellers Are Building Brands on Amazon,* MARKETPLACE PULSE (Dec. 6, 2018), https://www.marketplacepulse.com/articles/chinese-sellers-are-building-brands-on-amazon.
[7] *See* Blake Droesche, *Amazon Dominates US Ecommerce, Though Its Market Share Varies By Category*, EMARKETER.COM (Apr. 27, 2021), https://www.emarketer.com/content/amazon-dominates-us-ecommerce-though-its-market-share-varies-by-category.
[8] Palash Ghosh, *As Microsoft Nears $2 Trillion Market Cap, Amazon Is Most Likely To Reach That Level Next*, FORBES, https://www.forbes.com/sites/palashghosh/2021/04/26/as-microsoft-nears-2-trillion-market-cap-amazon-is-most-likely-to-reach-that-level-next/?sh=1a82b933142e.

38% of the top brands on Amazon.com emanating from sellers based in China in 2021.[9]

46.    As addressed in numerous news reports,[10] and as reflected in the federal lawsuits filed against third-party merchants offering for sale and selling infringing and/or counterfeit products on Amazon.com,[11] an astronomical number of counterfeit and/or infringing products are offered for sale and sold on Amazon.com at a rampant rate. [12]

47.    Pursuant to the DMCA, third-party online service providers, like Amazon.com, have established procedures for rights owners to submit notices of claimed infringement.

## Defendants' Wrongful and Infringing Conduct

48.    In light of Plaintiff's success with its Squishmallows Products, as well as the reputation that they have gained, Plaintiff and its Squishmallows Products have become targets for unscrupulous individuals and entities, who wish to capitalize on the reputation and fame that Plaintiff has amassed in its Squishmallows Products and Squishmallows Works and Plaintiff investigates and enforces against such activities.

49.    As part of these efforts, Plaintiff authorized a third-party takedown service (the "Third-Party Agent") to investigate and research manufacturers, wholesalers, retailers and/or other merchants offering for sale and/or selling products on various online marketplaces, including Amazon.com, that infringe Plaintiff's intellectual property rights in the Squishmallows Products.

50.    Through the Third-Party Agent's investigative and enforcement efforts, Plaintiff learned of Defendants' actions which vary and include, but are not limited to: reproducing, copying,

---

[9] *See, e.g.*, Michael Waters, *Amazon Briefing: The Relationship Between Chinese Sellers and Amazon Is Straining*, MODERN RETAIL (September 30, 2021) (noting that 38% of the top brands on Amazon are sellers based in China).
[10] *See, e.g.,* Louise Matsakis, *Amazon Wants Brands to Fight Fake Products Themselves,* Wired (Mar. 1, 2019), https://www.wired.com/story/amazon-fake-products-project-zero/.
[11] *See, e.g., Apple Inc. v. Mobile Star LLC,* No. C17-1120 RAJ (W.D. Cal. Aug. 4, 2017) and *Diamler AG v. Amazon.com, Inc.*, 16-cv-00518-RSM (W.D. Wash. Mar. 11, 2019).
[12] *See* Steve Brachmann, *Amazon's Counterfeit Problem is a Big One-for Shareholders, Brand Owners and Consumers Alike,* IP Watchdog (Feb. 27, 2019), http://www.ipwatchdog.com/2019/02/27/amazons-counterfeit-problem-big-one-for-everyone/id=106710/.

preparing derivative works of, publicly displaying and/or distributing, transferring and/or selling copies of Plaintiff's Squishmallows Works, and/or manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling products bearing or used in connection with Plaintiff's Squishmallows Works, and/or bearing or used in connection with images, designs or artwork that are substantially similar to the Squishmallows Works (collectively, the "Infringing Product(s)") to U.S. consumers. including those located in the State of New York, through Defendants' user accounts and merchant storefronts on Amazon.com. True and correct printouts of examples of Defendants' listings for Infringing Products are included in **Exhibit C** and incorporated herein by reference.

51.     Defendants are not, and have never been, authorized by Plaintiff or any of its authorized agents, authorized licensees or authorized distributors to reproduce, copy, prepare derivative works of, publicly display and/or distribute, transfer and/or sell copies of Plaintiff's Squishmallows Works, and/or copy, manufacture, import, export, advertise, market, promote, distribute, display, offer for sale and/or sell Squishmallows Products and/or products bearing or used in connection with Plaintiff's Squishmallows Works, and/or bearing or used in connection with images, designs or artwork that are substantially similar to the Squishmallows Works.

52.     Defendants' Infringing Products are nearly indistinguishable from Plaintiff's Squishmallows Products, with only minor variations that no ordinary consumer would recognize.

53.     For example, a side-by-side comparison of Plaintiff's Squishmallows Works to images of examples of some of Defendants' Infringing Products from Defendants' listings, as depicted below, evidences the clear willfulness of Defendants' conduct:

| Squishmallows Work(s) | Infringing Products |
|---|---|
| | Defendant Cao Hua |
| | Defendant Chongqing Dibuhai Hotel Management Co., Ltd. |



| Squishmallows Work(s) | Infringing Products |
|---|---|
|  | Defendant Chongqing Qingxinglan Hotel Management Co., Ltd.<br> |
|  | Defendant Fanta Savadogo<br> |

| **Squishmallows Work(s)** | **Infringing Products** |
|---|---|
|  | Defendant Fuzhou Guanxin Trading Co., Ltd.<br> |
|  | Defendant Guangzhouyuyumaoyidian<br> |

| Squishmallows Work(s) | Infringing Products |
|---|---|



Defendant
Jinjiangshicangqiongshangmaoyouxiangongsi

Defendant Li Mei

| Squishmallows Work(s) | Infringing Products |
|---|---|
|  | Defendant Quanzhou Youyue Electronic Commerce Co., Ltd.<br> |
|  | Defendant Quanzhouhuanshanmaoyiyouxiangongsi<br> |

| Squishmallows Work(s) | Infringing Products |
|---|---|



Defendant Quanzhoushiyuanchenggongyinglianguanliyouxiangongsi

Defendant Yangxiaoman

| Squishmallows Work(s) | Infringing Products |
|---|---|
|  | Defendant Yongchunchiyumaoyiyouxiangongsi |
| | Defendant Yongcunliyuemaoyiyouxiangongsi |

| Squishmallows Work(s) | Infringing Products |
|---|---|
| | |
|  | Defendant Youxixianshenxindiannaoshanghang<br> |
|  | Defendant Yu Jin Ping<br> |

| **Squishmallows Work(s)** | **Infringing Products** |
|---|---|
|  |  |
|  | Defendant Zhizhao Zhang<br> |
|  | Defendant Zhongshan Zhang<br> |

| **Squishmallows Work(s)** | **Infringing Products** |
|---|---|
|  | Defendant 齐桂云 a/k/a Qi Guiyun |

54.    In light of Defendants' blatant infringement of Plaintiff's Squishmallows Works, pursuant to the DMCA and Amazon.com's established procedures thereunder, Plaintiff's Third-Party Agent submitted takedown requests to Amazon.com relating to each of Defendants' Infringing Products depicted on **Exhibit C**. True and correct copies of Plaintiff's Third-Party Agent's takedown requests relating to Defendants' Infringing Products depicted on **Exhibit C** are attached as **Exhibit D** and incorporated herein by reference.

55.    In response, Defendants submitted counter notifications. True and correct copies of the counter notifications are attached as **Exhibit E** and incorporated herein by reference (collectively, the "Counter Notifications").

56.    Upon information and belief, in an improper effort to have their listings for Infringing Products reinstated, in submitting the Counter Notifications, Defendants falsely claimed that they "have a good faith belief that the material identified in the Notice of Infringement was removed or disabled as a result of mistake or misidentification of the material to be removed or disabled." *See* **Exhibit E**.

21

57.    Pursuant to the DMCA, in light of Defendants' Counter Notifications, Amazon.com is required to reinstate Defendants' listings for Infringing Products unless Amazon.com receives notification that a lawsuit has been filed within ten (10) business days. *See* **Exhibit E**.

58.    Given that the instant lawsuit was filed outside of the ten (10) business day period for some of the Counter Notifications, some of Defendants' listings for Infringing Products have in fact been reinstated.

59.    By these dealings in Infringing Products (including, without limitation, copying, manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling Infringing Products), Defendants have violated Plaintiff's exclusive rights in its Squishmallows Works, and have used images, designs or artwork that are substantially similar to and/or constitute infringement of the Squishmallows Works in order to confuse consumers into believing that such Infringing Products are Squishmallows Products and aid in the promotion and sales of Defendants' Infringing Products. Defendants' conduct began long after Plaintiff's adoption and use of the Squishmallows Works, after Plaintiff obtained the U.S. copyright registrations in the Squishmallows Works, as alleged above, and after Plaintiff's Squishmallows Products and Squishmallows Works became well-known to the purchasing public.

60.    Prior to and contemporaneous with their infringing actions alleged herein, Defendants had knowledge of Plaintiff's ownership of the Squishmallows Works, of the popularity and success of the Squishmallows Products, and in bad faith adopted the Squishmallows Works.

61.    Defendants have been engaging in the illegal and infringing actions, as alleged herein, knowingly and intentionally, or with reckless disregard or willful blindness to Plaintiff's rights, or in bad faith, for the purpose of trading on the reputation of Plaintiff, the Squishmallows Works and Squishmallows Products.

62.     By engaging in these actions, Defendants have, among other things, willfully and in bad faith infringed the Squishmallows Works, thereby unjustly profiting from such activities at Plaintiff's expense, and/or abused the DMCA.

63.     Unless enjoined, Defendants will continue to cause irreparable harm to Plaintiff.

## CAUSES OF ACTION
### FIRST CAUSE OF ACTION
### (Federal Copyright Infringement)
### [17 U.S.C. § 501(a)]

64.     Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

65.     Plaintiff is the exclusive owner of the Squishmallows Works.

66.     Defendants had actual notice of Plaintiff's exclusive rights in and to the Squishmallows Works.

67.     Defendants did not attempt and therefore inherently failed to obtain Plaintiff's consent or authorization to use, manufacture, reproduce, copy, display, prepare derivative works of, distribute, sell, transfer, rent, perform and/or market Plaintiff's Squishmallows Products and/or Squishmallows Works.

68.     Without permission, Defendants knowingly and intentionally reproduced, copied, displayed, and distributed the Squishmallows Works by manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling Infringing Products, which bear such Squishmallows Works, or images, designs or artwork that are, at a minimum, substantially similar to the Squishmallows Works.

69.     Defendants' unlawful and willful actions as alleged herein constitute infringement of the Squishmallows Works, including Plaintiff's exclusive rights to reproduce, display, distribute and/or sell such Squishmallows Works in violation of 17 U.S.C. § 501(a).

70.     Defendants' knowing and intentional copyright infringement, as alleged herein, has caused substantial and irreparable harm to Plaintiff in an amount as yet unknown but to be proven at trial, for which Plaintiff has no adequate remedy at law, and unless enjoined, Defendants will continue to cause, substantial and irreparable harm to Plaintiff.

71.     Based on Defendants' wrongful conduct, Plaintiff is entitled to injunctive relief, Plaintiff's actual damages and Defendants' profits in an amount to be proven at trial and enhanced discretionary damages for willful copyright infringement, and reasonable attorneys' fees and costs.

**SECOND CAUSE OF ACTION**
**(Misrepresentations Under DMCA)**
**[17 U.S.C. § 512]**

72.     Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

73.     Plaintiff is the exclusive owner of the Squishmallows Works.

74.     Defendants had actual notice of Plaintiff's exclusive rights in and to the Squishmallows Works.

75.     Upon information and belief, Defendants knew, or should have known, that they infringed Plaintiff's rights in the Squishmallows Works, and have no viable defenses.

76.     Upon information and belief, Defendants submitted the Counter Notifications for the purpose of improperly getting their listings for Infringing Products reinstated without just cause and/or ensuring that Amazon.com would continue to supply services to Defendants.

77.     Defendants violated 17 U.S.C. § 512(f) by knowingly making one or more material misrepresentations that Defendants' Infringing Products, and/or Defendants' listings for the same, were removed due to mistake or misidentification.

78.     Upon information and belief, Defendants knowingly included false and/or inaccurate information in the Counter Notifications for the purpose of misleading Plaintiff and/or Amazon.com,

avoiding liability, and/or ensuring that Amazon.com would continue to supply services to Defendants relating to Defendants' Infringing Products.

79.    Under the DMCA, upon receipt of the Counter Notifications, Amazon.com was, and is, required to reinstate Defendants' listings for Infringing Products unless it receives notification of Plaintiff's filing of a lawsuit.

80.    When Amazon.com advised Plaintiff of Defendants' Counter Notifications, Amazon.com informed Plaintiff that it "will allow this material to become accessible, unless you provide us with notice that a lawsuit has been filed against the counter-noticing party within 10 business days." *See* **Exhibit E**.

81.    In reliance on the Counter Notifications, Amazon.com has reinstated one or more of Defendants' listings for Infringing Products.

82.    As a direct result of Defendants' unlawful actions, as alleged herein, Plaintiff has been injured in an amount as yet unknown but to be proven at trial.

83.    Based on Defendants' wrongful conduct, Plaintiff is entitled to its damages, including costs and attorneys' fees, under 17. U.S.C. § 512(f).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendants, inclusive, and each of them, as follows:

A.    For an award of Plaintiff's actual damages and Defendants' profits, pursuant to 17 U.S.C. § 504(b), in an amount to be proven at trial for willful copyright infringement of the Squishmallows Works under 17 U.S.C. § 501(a);

B.    In the alternative to Plaintiff's actual damages and Defendants' profits for copyright infringement of the Squishmallows Works pursuant to 17 U.S.C. § 504(b), for statutory

damages of up to $150,000 per infringement pursuant to 17 U.S.C. § 504(c) for willful copyright infringement, which Plaintiff may elect prior to the rendering of final judgment;

C.     For an award of Plaintiff's damages, pursuant to 17 U.S.C. § 512(f), in an amount to be proven at trial for Defendants' willful misrepresentations;

D.     For a preliminary and permanent injunction by this Court enjoining and prohibiting Defendants, or their agents, and any employees, agents, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns and entities owned or controlled by Defendants, and all those in active concert or participation with Defendants, and each of them who receives notice directly or otherwise of such injunction from:

      i.   manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Infringing Products;

      ii.   directly or indirectly infringing in any manner any of Plaintiff's Squishmallows Works;

      iii.   using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's Squishmallows Works to identify any goods or services not authorized by Plaintiff;

      iv.   using any of Plaintiff's Squishmallows Works, or any other artwork or designs that are substantially similar thereto, on or in connection with Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Infringing Products;

      v.   using any false designation of origin or false description, or engaging in any

action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants and/or Defendants' commercial activities;

vi.    engaging in the unlawful, unfair or fraudulent business acts or practices, including, without limitation, the actions described herein, including the of advertising and/or dealing in any Infringing Products;

vii.    engaging in any other actions that constitute unfair competition with Plaintiff;

viii.    engaging in any other act in derogation of Plaintiff's rights;

ix.    from secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Infringing Products; (ii) any computer files, data, business records, documents or any other records or evidence relating to Defendants' user accounts or merchant storefronts;

x.    effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in any final judgment or order in this action;

xi.    providing services to Defendants, Defendants' user accounts and Defendants' merchant storefronts on Amazon.com; and

xii.    instructing any other person or entity to engage or perform any of the activities

referred to in subparagraphs (i) through (xi) above; and

E.      For an order of the Court requiring that Defendants recall from any distributors and retailers and deliver up to Plaintiff for destruction any and all Infringing Products and any and all packaging, labels, tags, advertising and promotional materials and any other materials in the possession, custody or control of such distributors and retailers that infringe any of Plaintiff's Squishmallows Works, or bear any images, designs or artwork that are substantially similar to the Squishmallows Works;

F.      For an order from the Court requiring that Defendants provide complete accountings for any and all monies, profits, gains and advantages derived by Defendants from their manufacturing, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale, sale and/or otherwise dealing in the Infringing Products as described herein, including prejudgment interest;

G.      For an order from the Court that an asset freeze or constructive trust be imposed over any and all monies, profits, gains and advantages in Defendants' possession which rightfully belong to Plaintiff;

H.      For an award of exemplary or punitive damages in an amount to be determined by the Court;

I.      For Plaintiff's reasonable attorneys' fees;

J.      For all costs of suit; and

K.      For such other and further relief as the Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully demands a trial by jury on all claims.

Dated: September 23, 2022                    Respectfully submitted,

                                             **EPSTEIN DRANGEL LLP**

                                             BY:   S/ Kerry B. Brownlee
                                                   Kerry B. Brownlee (KB 0823)
                                                   kbrownlee@ipcounselors.com
                                                   60 East 42nd Street, Suite 1250
                                                   New York, NY 10165
                                                   Telephone: (212) 292-5390
                                                   Facsimile: (212) 292-5391
                                                   *Attorneys for Plaintiff*
                                                   *Kelly Toys Holdings, LLC*